CHARLES B. PERKINS (#126942)
  cbperk@earthlink.net
SUSAN D. PELMULDER (#234731)
  sue@pelmulder.com
ROSE PERKINS PELMULDER
A Professional Association
577 Salmar Avenue, Second Floor
Campbell, California 95008
(408) 399 – 4566 voice
(408) 399 – 6683 facsimile

Attorneys for Plaintiff
THOMAS McCARTHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS McCARTHY, by his Next Friend, MARIA McCARTHY, <br><br> Plaintiff, <br><br> vs. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR DAMAGES <br> *(29 U.S.C. §1132(a)(1)(B)* |

Plaintiff Thomas McCarthy alleges:

1.    Maria McCarthy ("Maria") brings this case as attorney-in-fact for her husband, Thomas McCarthy ("Thomas").

2.    Thomas obtained the long-term disability insurance coverage at issue while he lived and worked in Santa Clara County, in the above-captioned judicial district.  He currently resides in Santa Clara County.

COMPLAINT

3.      Life Insurance Company of North America ("LINA") is a corporation organized and existing by virtue of the laws of the State of Pennsylvania and is an insurance company duly authorized to transact the business of insurance in the State of California.

4.      The Applied Materials, Inc. ("Applied Materials") Long Term Disability Plan ("LTD Plan") is an employee benefit plan established pursuant to The Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA").

5.      Long term disability benefits provided pursuant to the LTD Plan are insured by LINA under Policy No. LK-980235 ("the LTD policy"). Decisions respecting payment of long term disability benefits due under the LTD Plan and responses to appeals of denials of long term disability benefits are made by LINA, which is the claims administrator for the LTD Plan, and which pays the claims.

6.      The LTD Plan provides benefits to Plan beneficiaries in the above-captioned judicial district.

7.      Venue is proper as Defendant may be found in this district, and as Thomas became insured under the LTD plan as part of his employment located in Santa Clara County.

8.      At all times relevant to this case, Thomas was an employee of Applied Materials, a beneficiary of the LTD Plan, and insured under the LTD policy.

9.      This court has original jurisdiction of this matter under 29 U.S.C. §1132(e) as an action brought pursuant to 29 U.S.C. §1132(a)(1)(B).

10.     The LTD Plan provides for the payment of benefits under the LTD Policy if beneficiaries become disabled, defined in relevant part as follows:

> **Definition of Disability/Disabled:**
>
> The Employee is considered Disabled if, soley because of Injury or Sickness, he or she is:
>
> (1) Unable to perform the material duties of his or her Regular Occupation; and,
>
> (2) Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disabilty Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

COMPLAINT

(1) Unable to perform the material duties of Any Occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and,

(2) Unable to earn 60% or more of his or her Index Earnings.

11.     Thomas was employed by Appplied Materials as a Senior Project Manager in the Metal Deposition Products Service Business Unit, involved in the production and sales of semiconductor processing tools that can sell for up to ten million dollars per unit, plus service contracts.  His occupation required working with computers, sending and receiving emails, conducting negotations of business and sales contracts, and working on tools, specifications and configurations.

12.     In September 2014, Thomas had a heart attack, with placement of two stents.  Following the heart attack, he returned to work but had increasing difficulties in performing the duties of his occupation.

13.     In January, 2016, Thomas complained to his primary physician (Dr. Orndorff) of a progressive decrease in his cognitive abilities, memory, ability to compute, comprehension and decision making.  He was worried that he would be terminated because he was unable to perform the duties of his occupation.  A performance review had noted that he was not performing to the expected standard.

14.     Dr. Orndorff referred Thomas for an evaluation at the Kaiser Memory Assessment Clinic, where he was evaluated by neuropsychologist, Elinor Dorsett, Ph.D. on February 22, 2016.  The testing revealed deficits within the domains of memory and language in addition to significant reductions within the domains of executive functioning, attention/working memory, and processing speed.  Dr. Dorsett found that Thomas had a cognitive disorder.

15.     Thomas' last day of work was April 26, 2016. Applied Materials terminated him because he couldn't do his job.

16.     On May 11, 2016, Thomas had a speech therapy evaluation at Kaiser by Susan Ingles, M.A., which found moderately decreased sustained active attention with moderately decreased memory and attention, auditory processing, and proccessing delay.

COMPLAINT

17.     Thomas made a claim for short term disability benefits, which was approved.

18.     As part of the short term disability benefit claim, on September 1, 2016 Thomas was examined in an IME by Arnold Greenberg, M.D., a neurologist.  Dr. Greenberg diagnosed possible frontotemporal dementia and found that Thomas "will never be able to perform at his job or any other, even much simpler work."

19.     As of September 19, 2016, Thomas was reexamined by Dr. Dorsett.  She observed cognitive decline consistent with a neurodegenerative process.  She felt that the cognitive profile was most consistent with Alzheimer's Disease.

20.     Thomas made a claim for benefits to the LTD Plan.  LINA approved his LTD claim, with benefits effective as of October 24, 2016.

21.     As of March 7, 2017, Thomas had a repeat neuropsychogical evaluation with Dr. Dorsett.  She found significant impairment within the domains of memory, language, attention/working memory and executive functioning.  The results remained consistent with the diagnosis of early onset Alzheimer's Disease.

22.     As of June 30, 2017, Thomas started evaluation and treatment at the Stanford Center for Memory Disorders, and was initially evaluted by Carolyn Fredericks, M.D..  Neuropsychological screening was notable for significant difficulties on tests of learning and recall, language, as well as executive function.  Dr. Fredericks found that Thomas had cognitive impairment, with early onset Alzheimer's Disease being a diagnostic consideration.

23.     On August 31, 2017, LINA had Thomas attend a neuropsychological IME with Peter Karzmark, Ph.D.

24.     Dr. Karzmark conducted an unfair and biased IME. Thomas passed four out of the six "performance validity" tests administered by Dr. Karzmark, but Dr. Karzmark reported that there was no valid evidence of any cognitive impairment. Dr. Karzmark dismissed Dr. Dorsett's evaluations based on a lack of formal performance validity testing.

25.     On October 10, 2017, Thomas' neurologist, Dr. Chaudhary, submitted a medical request form to LINA finding that Thomas is disabled by cognitive disorder.

COMPLAINT

26.     Based on Dr. Karzmark's report, LINA denied Thomas' claim by letter dated November 15, 2017.

27.     LINA's November 15, 2017 denial letter advised Thomas that he could appeal, and provide additional information, but had no specific direction about the type of additional information that should be submitted, and he was not advised to submit neuropsychological testing that included performance validity testing.

28.     On December 12, 2017, Thomas underwent repeat neuropsychological testing by Dr. Dorsett at Kaiser.  She identified impairments in memory, language, attention/working memory, processing speed and executive funtions.  She reported an overall decline in function in comparison to the prior examinations, and reached a diagnosis of Alzheimer's Disease.

29.     On or about December 19, 2017, Thomas sent an email to LINA stating that he would like to appeal the denial of his claim.

30.     As part of his appeal, on or about January 9, 2018, Thomas sent LINA a copy of a cerebral spinal fluid analysis performed by Athena Diagnostics on about June 24, 2017, as part of his workup at Stanford.  The reported results are consistent with a diagnosis of Alzheimer's Disease.

31.     On January 29, 2018, Dr. Dorsett completed a repeat neuropsychological evaluation of Thomas.   The cognitive testing revealed marked impairments within the domains of memory, language, attention/working memory, procecssing speed and executive functioning.   The results showed a decline on testing performances relative to Thomas' initial February 2016 assessment.  Based on an overall assessment, Dr. Dorsett found  that a diagnosis of major neurocognitive disorder due to Alzheimer's Disease is most appropriate.

32.     Maria emailed Dr. Dorsett's January 29, 2018 report to LINA on or about January 29, 2018.

33.     On February 13, 2018, Thomas' file was reviewed for LINA by a neurologist, Wayne Gordon, M.D.   Dr. Gordon concluded that Mr. McCarthy "has documented young onset Alzheimer's Disease based on discussions with Dr. Greicius, treating neurologist, review of the four neuropsychological batteries, and the spinal fluid analysis.  This is a progressive degenerative condition without cure."

COMPLAINT

34.    LINA issued its denial of Thomas' appeal on March 2, 2018, again rejecting Dr. Dorsett's neuropsychological evaluations and contending that there was no reliable data to corroborate the presence of functional impairment.

35.    LINA's March 2, 2018 denial letter offered Thomas the opportunity to make a second appeal, and advised that additional evidence could be submitted, but did not advise him that neuropsychological testing that included formal performance validity testing should be submitted..

36.    On or about March 12, 2018, Maria sent an email to LINA indicating that she would submit an appeal on behalf of Thomas.

37.    On or about March 23, 2018, Mr. McCarthy's neurologist at Stanford, Michael Greicius, M.D., M.P.H., wrote a letter in support of Thomas' appeal.  He explained that, among other things, he was the Director of the Stanford Center for Memory Disorders, with more than 15 years of post residency experience diagnosing and caring for Alzheimer's patients. He was highly confident in the Alzheimer's diagnosis, and that "there is no question that Mr. McCarthy has Alzheimer's Disease and that he is no longer cognitively able to work."

38.    Maria sent Dr. Greicius' report to LINA.

39.    On May 3, 2018, LINA issued its letter denying Thomas' appeal, taking the position that despite the undisputed fact that Thomas has Alzheimer's Disease, there was no evidence of functional loss.

40.    As of June 14, 2018, the Social Security Administration found that Thomas had become totally disabled as of April 29, 2016.

41.    A copy of the Social Security Adminsitration's finding that Thomas is disabled was provided to LINA, but it took no action in response.

42.    Thomas was evaluted by James A. Moses, Jr., Ph.D., ABPP, a neuropsychologist, and the results of his testing are set forth in a report dated September 11, 2018.  Dr. Moses provided supplemental opinions in a letter dated November 5, 2018.

43.    Dr. Moses administered formal performance validity testing, and his opinion is that Thomas gave an honest exertion of his best efforts in the testing.

COMPLAINT

44.     Based on his neuropsychological testing, Dr. Moses' opinion is that Thomas shows "severe generalized cognitive deficit and clinical evidence of dementia of the Alzheimer's type."

45.     Dr. Moses' agrees that Dr. Dorsett's neuropsychological evaluations show progressive cognitive decline consistent with probable Alzheimer's Disease.

46.     Dr. Moses' opinion is that Dr. Karzmark's overgeneralized dismissal of the findings from Dr. Dorsett's four serial neuropsychological evaluations is not defensible.

47.     On February 6, 2019, copies of Dr. Moses' reports, as well as a report from another neuropsychologist criticizing Dr. Karzmark's biased use of performance validity testing, and additional material impeaching Dr. Karzmark's credibility, were provided to LINA, along with a request that LINA reconsider Thomas' appeal.

48.     By letters dated February 11 and March 1, 2019, LINA stated that it would not reconsider Thomas' appeal.   However, LINA confirmed that the information submitted with the February 6, 2019 letter had been added to Thomas' claim file.

49.     LINA's denials of Thomas' claim and appeals were not supported by substantial evidence.

50.     LINA's denials of Thomas' claim and appeals were wrongful as Thomas is disabled as defined by the LTD Plan.

51.     LINA's denials of Thomas' claim and appeals were made in bad faith.

52.     As a result of the actions of LINA, acting as the Plan's Claims Administrator, Thomas has been wrongfully deprived of the long term disability benefits to which he is entitled as a disabled former employee of Applied Materials.

53.     By appealing from the denial of his claim, Thomas and Maria have exhausted the administrative remedies available under the LTD Plan.

54.     Thomas and Maria have performed all of the actions required to obtain benefits due under the LTD Plan.

55.     The standard of review in this case is de novo.

56.     LINA is responsible for determining benefit eligibility for claims arising under the LTD policy, and for paying benefits due under the LTD Policy.

COMPLAINT

57.     If the Court finds that this case should be reviewed for abuse of discretion, the Court should conduct its review with heightened skepticism because LINA operated under an actual conflict of interest, and because it acted on that conflict of interest.

58.     Thomas' benefit under the LTD Policy is about $7,752.00 per month, subject to offsets as required under the LTD Policy.  Benefits under the LTD Policy are due starting on about November 16, 2017.

59.     As the result of the actions of LINA, acting as the Plan's Claims Administrator, Thomas has been wrongfully deprived of other benefits due to him as a disabled former employee of Applied Matierals.

60.     Thomas is entitled to attorney's fees and costs pursuant to 29 U.S.C. *§1132(g)(1)*.

61.     Pursuant to *29 U.S.C. §1132(a)(1)(B)*, Thomas brings this action to recover benefits due to him under the terms of the LTD Policy, to enforce his rights under the terms of the LTD Policy, and to clarify his rights to future benefits under the terms of the LTD Policy.

62.     Pursuant to *29 U.S.C. §1132(a)(3)*, Thomas seeks appropriate equitable relief, including an order reinstating his disability benefits and requiring LINA to pay his benefits in the absence of clear and convincing evidence that his condition has improved.

WHEREFORE, Thomas prays judgment against Defendant, as follows:

(1) For long term disability benefits due from about November 16, 2017 through the date of judgment, at the rate of $7,752.00 per month, minus offsets as required by the policy, if any, and interest on benefits owed;

(2) For an order reinstating Thomas into the LTD Plan and requiring payment of future long-term disability benefits;

(3) For restoration of all associated benefits which Thomas is entitled to as a disabled employee of Applied Materials;

(4) For reasonable attorneys' fees and costs; and,

///

///

COMPLAINT

(5) For such other and further relief as the Court may deem just and proper.

DATE: April 12, 2019                    ROSE PERKINS PELMULDER, APA


By _/s/ Charles B. Perkins_____
CHARLES B. PERKINS
Attorney for Plaintiff
THOMAS McCARTHY

COMPLAINT